**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Cassandra V. Meyer, SBN 021124
cmeyer@cavanaghlaw.com
Joshua M. Conway, SBN 033153
jconway@cavanaghlaw.com
*Attorneys for Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlene Wood, a single woman,<br><br>                       Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation, a foreign corporation; Costco Wholesale Membership, Inc., a foreign corporation; XYZ Corporations I-III; ABC Partnerships I-III; John and Jane Does II-III,<br>                       Defendants. | No.<br><br>**PETITION FOR REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (collectively referred to herein as "Defendants"), by and through undersigned counsel, respectfully file this Petition for Removal and Notice of Removal of Maricopa County Superior Court Case No. CV2021-091149, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof say as follows:

1.     A civil action seeking to recover money damages has been commenced by

9454763_1

Plaintiff Marlene Wood and is now pending in the Maricopa County Superior Court in and for the State of Arizona, captioned *Marlene Wood v. Costco Wholesale Corporation*, *et al.*, Maricopa County Superior Court Case No. CV2021-091149 ("the State Action").

2.  Plaintiff's Complaint in the State Action was filed on March 10, 2021. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. In the Complaint, Plaintiff seeks damages related to Defendants' alleged conduct in the maintenance of its premises. *See* Exhibit "A."

3.  Plaintiff's Complaint was served via personal service on March 11, 2021. *See* Affidavit of Service, which is attached hereto as Exhibit "B." The Complaint was filed contemporaneously with the Summons, the Civil Cover Sheet, and the Certificate of Compulsory Arbitration. A true and correct copy of the Summons is attached hereto as Exhibit "C." A true and correct copy of the Civil Cover Sheet is attached hereto as Exhibit "D." A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "E." To date, Defendants are not aware of any other pleadings filed in the State Action.

4.  Pursuant to L.R. 3.6(b), Defendants certify that Exhibits "A" through "E" are true and correct copies of all documents filed in the State Action. A true and correct copy of the state court docket is attached hereto as Exhibit "F."[1]

5.  Pursuant to L.R. 3.6(b), Defendants have also attached to this Petition for Removal the Supplemental Civil Cover Sheet which it will file contemporaneously with this Petition for Removal.

6.  To determine a natural person's state of citizenship, the Court looks to domicile, which includes looking at where the person's permanent home is, which is

---

[1] Defendants have not yet filed an Answer in state court. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendants will file its Response to Plaintiff's Complaint within seven (7) days of this Petition for Removal. Accordingly, Defendants will file their Answer to Plaintiff's Complaint on or before April 15, 2021.

where the person "resides with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). This case involves an accident that occurred in Arizona after which Plaintiff sought all treatment in Arizona because she permanently resides in Arizona. In addition, Plaintiff has alleged in her Complaint that, at all material times in this lawsuit, she resided in Maricopa County, State of Arizona. *See* Exhibit "A" at ¶ 1. Therefore, Plaintiff is a citizen of Arizona.

7. In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Id.* Defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. are corporations organized under the laws of the state of Washington with their principal place of business located in Washington and therefore, they are citizens of Washington.

8. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and it may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

9. In this action, Plaintiff seeks to recover monetary damages that she claims are due and owing as a result of Costco's conduct in allegedly not maintaining the area where she slipped and fell at a Costco warehouse. *See* Exhibit "A" at ¶¶ 11 - 18. As a result of this accident, Plaintiff alleges that she fractured her hip and had to have a rod surgically placed in her knee. Plaintiff claims that she is still treating for her injuries and that she has already incurred at least $146,000 in medical expenses. Plaintiff is also claiming entitlement to damages for pain, suffering, mental and emotional anguish, and

loss of earnings. *Id*. at ¶ 27, 33. Furthermore, Plaintiff's claims the right to compensation not only for her past medical expenses, but also for future medical expenses. *Id*.

10. Additionally, Plaintiff alleges on her Civil Cover Sheet (Exhibit "D") that the matter meets the criteria for Tier 3 pursuant to Arizona Rule of Civil Procedure 26.2(c)(3)(B). Under Rule 26.2, Tier 3 cases are "actions claiming $300,000 or more in damages . . ." *See* Ariz. Civ. P. R. 26.2(c). For purposes of determining the correct tier, the damages that may be considered includes "all monetary damages . . . , but excludes claims for punitive damages, interest, attorney's fees in the case to be tiered, and costs." Ariz. Civ. P. R. 26.2(e). Plaintiff's Tier 3 certification means that she believes her monetary damages in this case are equal to or in excess of $300,000

11. Further, Plaintiff has certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00. *See* Exhibit "E"; *see also Ansley v. Metro Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003) (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

12. In light of Plaintiff's claimed injuries, which she alleges may require additional future care, her estimated medical expenses to date of at least $146,000, her claim of lost earnings, her certification that her compensatory and special damages exceed $50,000, and her Tier 3 classification of this case, the amount in controversy exceeds the jurisdictional minimum in this Court. *See Ansley*, 218 F.R.D. at 576-78.

13. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

14. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

15. This Petition for Removal and Notice of Removal are filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

16. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

17. Pursuant to LRCiv 3.6(d), Defendants request a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, Defendants request that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this 8th day of April, 2021.

THE CAVANAGH LAW FIRM, P.A.

By: /s/ *Cassandra V. Meyer*
Cassandra V. Meyer
Joshua M. Conway
*Attorneys for Costco Wholesale Corporation and Costco Wholesale Membership, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 8, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Jonathan J. Henry
Daniel C. Kaapke
Kent Law, PLLC
7540 South Willow Drive
Tempe, Arizona 85283
Litigation@Kent-Law.org
*Attorneys for Plaintiff*


/s/ *Janet Cliffton*

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000