**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlene Wood, | No. CV-21-00605-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, *et al.*, | |
| Defendants. | |

At issue is Defendant Costco Wholesale Corporation's ("Costco") Motion for Summary Judgment (Doc. 19, Mot.), to which Plaintiff filed a Response (Doc. 25, Resp.), and Defendant filed a Reply (Doc. 27, Reply). The Court finds this matter suitable for resolution without oral argument. *See* LRCiv 7.2(f).

## I.    BACKGROUND

On March 12, 2019, Plaintiff was injured after she slipped on wet concrete outside of Defendant's warehouse, under its "large covered patio." (Doc. 20, Defendant's Statement of Facts ("DSOF") ¶ 1; Doc. 26, Plaintiff's Separate Statement of Facts ("PSOF") ¶¶ 1-3.) There is surveillance video footage of Plaintiff's fall, which shows that the parking lot pavement was wet from rain, and that it was raining at the time of Plaintiff's fall. (DSOF ¶¶ 3-4; PSOF ¶ 3.) Additionally, weather data shows that it was raining on March 12, 2019, in the area of Buckeye Arizona, where Defendant's subject warehouse is located. (DSOF ¶ 9.)[1] However, Plaintiff suggests that while "it is possible that rain may

---

[1] The Court may take judicial notice of the fact that it was raining on the day of Plaintiff's fall. A fact is appropriate for judicial notice if it is "not subject to reasonable dispute

1    have been falling out in the parking lot, there is nothing to suggest that rain was falling
2    where Plaintiff slipped and fell, 10-15 feet within the vestibule[2]. (PSOF ¶ 6.) Defendant
3    also asserts, and Plaintiff disputes, that the video shows Plaintiff entering the covered patio
4    area from the wet parking lot with her umbrella open, and it subsequently shows her wet
5    shoes causing her to slip and fall. (DSOF ¶ 5.) Plaintiff contends that whether her shoes
6    caused her to fall is a contested assertion, requiring resolution by a trier of fact. (PSOF ¶ 5.)

7         On March 10, 2021, Plaintiff brought suit against Defendant in Maricopa County
8    Superior Court, alleging respondeat superior, premises liability, and negligence claims.
9    (Doc. 1, Compl. ¶¶ 19-33.) Defendant removed the case to this Court pursuant to 28 U.S.C.
10   §§ 1332, 1441, and 1446. On October 12, 2021, Defendant moved for summary judgment,
11   arguing that Plaintiff's claims fail as a matter of law because it owed no duty to Plaintiff.
12   (*See generally* Mot.) The Court now resolves each aspect of Defendant's Motion.

13   **II.   LEGAL STANDARD**

14        Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is
15   appropriate when: (1) the movant shows that there is no genuine dispute as to any material
16   fact; and (2) after viewing the evidence most favorably to the non-moving party, the
17   movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*,
18   477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th
19   Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome
20   of the suit under governing [substantive] law will properly preclude the entry of summary
21   judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue"

---

because it . . . can be accurately and readily determined from sources whose accuracy
cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may properly take judicial
notice regarding the state of the weather at a particular time. *Wilson v. Amneal
Pharmaceuticals, LLC*, 2013 WL 6909930, at *5 (D. Idaho Dec. 31, 2013) (recognizing
that it is appropriate to take judicial notice of facts such as it was or was not "raining on a
given date according to weather data."). Defendant cites data from the National Weather
Service, which shows that areas that neighbor Buckeye received between 0.67 and 0.75
inches of rain that day. (DSOF ¶ 9.)

[2] The parties use the terms "vestibule" and "covered patio" to refer to the location of
Plaintiff's fall. The Court uses these terms interchangeably.

1   of material fact arises only "if the evidence is such that a reasonable jury could return a
2   verdict for the nonmoving party." *Id.*

3         In considering a motion for summary judgment, the court must regard as true the
4   non-moving party's evidence, if it is supported by affidavits or other evidentiary material.
5   *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party
6   may not merely rest on its pleadings; it must produce some significant probative evidence
7   tending to contradict the moving party's allegations, thereby creating a material question
8   of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative
9   evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l*
10  *Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

11        "A summary judgment motion cannot be defeated by relying solely on conclusory
12  allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
13  1989). "Summary judgment must be entered 'against a party who fails to make a showing
14  sufficient to establish the existence of an element essential to that party's case, and on
15  which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d
16  1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

17  **III.   ANALYSIS**

18       **A.   Plaintiff Cannot Show that Defendant Owed her a Duty**

19        "'To establish a claim for negligence, a plaintiff must prove . . . : (1) a duty requiring
20  the defendant to conform to a certain standard of care; (2) a breach by the defendant of that
21  standard; (3) a causal connection between the defendant's conduct and the resulting injury;
22  and (4) actual damages.'" *Diaz v. Phx. Lubrication Serv., Inc.*, 230 P.3d 718, 721 (Ariz.
23  Ct. App. 2010) (quoting *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)). In Arizona,
24  landowners have a duty to business invitees to maintain their property in a reasonably safe
25  manner. *See Nicoletti v. Westcor, Inc.*, 639 P.2d 330, 332 (Ariz. 1982). However, a business
26  owner is not required to guarantee absolute safety. *See McMurty v. Weatherford Hotel,*
27  *Inc.*, 293 P.3d 520, 528 (Ariz. Ct. App. 2013). "Whether the defendant owes the plaintiff a
28  duty of care is a threshold issue; absent some duty, an action for negligence cannot be

maintained." *Gipson*, 150 P.3d at 230 (citation omitted). The question of duty is usually decided by the trial court as a matter of law. *Wilson v. U.S. Elevator Corp.*, 972 P.2d 235, 237 (Ariz. Ct. App. 1998).

For any of Plaintiff's claims to survive, Defendant must have had a duty to protect Plaintiff from the condition that caused her injury. Defendant argues that Plaintiff cannot show that it owed her a duty because: (1) wet cement caused by an active rainstorm is not an unreasonably dangerous condition; (2) the presence of wet cement while it is raining is an open and obvious condition, about which Defendant had no duty to warn; and (3) the "ongoing storm rule" precludes Plaintiff's claims. (*See generally* Mot.)

**1.     The Wet Cement was Not an Unreasonably Dangerous Condition**

Defendant argues that while it was required to ensure that its premises were reasonably safe, wet cement caused by an active rainstorm is not an unreasonably dangerous condition from which it had a duty to protect Plaintiff. (Mot. at 5-6.) Defendant relies on precedent from other states where courts have found that wet cement caused by active rain does not create an unreasonably dangerous condition. *See Misir v. Beach Haven Apt. No. I, Inc.*, 803 N.Y.S.2d 19 (N.Y. Sup. Ct. 2005) (wet leaves and slippery pavement did not constitute an unreasonably dangerous condition); *Gibson v. Consol. Credit Corp.*, 138 S.E.2d 77, 79 (Ga. App. 1964) ("There is scarcely any material that might be used in construction that isn't made somewhat slippery by the presence of water. This is a matter of common knowledge, and, since it is, it behooves us all [to] use a measure of protection in walking upon wet surfaces."); *Pliska v. Equity Mgmt. Grp., Inc.*, No. 3009-CA-000723-MR, 2010 WL 3515753 (Ky. Ct. App. Sept. 10, 2010) (affirming summary judgment against a plaintiff who slipped on wet pavement in a parking lot, holding that there was "nothing inherently dangerous about . . . wet pavement").

Plaintiff contends that whether the wet cement constitutes an unreasonably dangerous condition is a question of fact for the jury. (Resp. at 6.) *See Silvas v. Speros Const. Co.*, 594 P.2d 1029, 1031 (Ariz. Ct. App. 1979) (finding a question for the jury as to whether the defendant should have anticipated the harm that occurred, despite the fact

that the plaintiff knew and appreciated the danger of holes in the roof of a construction job). Plaintiff argues that the area where she slipped was under a covered area and appeared to be dry, and there were no mats, signage, or employees warning of the condition of the pavement, so the "particular facts" of her fall require a jury's determination.[3] (Resp. at 7.)

The Court finds Plaintiff's arguments unpersuasive. Though it was covered, the area where Plaintiff fell was not walled off, allowing rain to enter. (*See* DSOF, Exs. B, C.) Additionally, Plaintiff fails to cite any authority to support her contention that Defendant had a duty to keep its outdoor covered patio area dry during an active rainstorm, nor could the Court find any cases suggesting as much in its own research. Indeed, numerous courts in other states have found that wet floors inside buildings or enclosed vestibules are not unreasonably dangerous when rainy weather conditions are present outside. *See, e.g.*, *Dubensky v. 2900 Westchester Co., LLC*, 813 N.Y.S.2d 117 (N.Y. App. Div. 2006) (finding no duty to keep floor of lobby area dry during a period of ongoing precipitation); *Ling v. Hosts, Inc.*, 164 N.W.2d 123, 128 (Iowa 1969) (holding that "the fact that water, slush, and mud are tracked in on the [lobby] floor of a premises because of weather conditions outside ordinarily does not create an actionable situation," even though it is "wet, dirty, and slippery"); *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 639 (Ill. App. Ct. 2009) (finding no duty to remove naturally accumulated water tracked into a store entrance). For these reasons, the Court finds the wet cement on which Plaintiff slipped was not an unreasonably dangerous condition from which Defendant had a duty to protect Plaintiff. Because Defendant did not owe a duty to Plaintiff, summary judgment is appropriate.

---

[3] Plaintiff also cites *Cooley v. Arizona Public Service Co.* for two statements: (1) "[t]he character of the defect may affect the legal consequences flowing from it," and (2) "[t]his inference is not mere wild speculation but is based on matters within the realm of common human experience." 839 P.2d 422, 423 (Ariz. Ct. App. 1991). These quotations are not only misattributed to the *Cooley* court, which was directly quoting the Colorado Supreme Court in *Bodeman v. Shutto Supermarkets*, 593 P.2d 700, 701 (Colo. 1979), but are also taken out of context. In the quotations Plaintiff cites, the Supreme Court of Colorado was discussing a hole in a ramp leading from the sidewalk in front of a grocery store to a parking lot. *Bodeman*, 593 P.2d at 701. The Supreme Court of Colorado was making the point that the hole, which was four inches wide and two inches deep, did not develop suddenly, giving the defendant time to become aware of it and repair it. *Id.* The facts of that case are not analogous to those now before the Court.

## 2.     The Wet Cement was Open and Obvious

Although the Court can grant summary judgment solely on the basis that the wet cement did not present an unreasonably dangerous condition, the Court briefly addresses Defendant's remaining arguments. Defendant also argues that it owed no duty to Plaintiff because the wet cement was an open and obvious condition. (Mot. at 6-8.) Under Arizona law, a landowner or possessor of land has no duty to protect invitees from dangers that are known or obvious to the invitee. *See* Restatement Second of Torts §343A; *Burke v. Arizona Biltmore Hotel, Inc.*, 467 P.2d 781, 783-84 (Ariz. Ct. App. 1970) ("Any so-called defective condition at the top of the stairway was open and obvious and persons encountering the condition could be expected to take care of themselves without further precautions on the part of the defendant-hotel."); *Hagan v. Sahara Caterers, Inc.*, 487 P.2d 9 (Ariz. Ct. App. 1971) (holding that pebbles at the entrance of a store upon which the plaintiff slipped and fell were open and obvious, and not an unreasonably dangerous condition about which the defendant was required to warn).

Again relying on cases from courts in other states, Defendant argues that it is well-established that wet pavement caused by weather is an open and obvious condition. (Mot. at 7.) *See, e.g.*, *McCauley v. Cocca Dev., Ltd.*, 2020 WL 3790548, at *4 (Ohio Ct. App. June 30, 2020) (affirming summary judgment and holding that photographs clearly showed the pavement was wet due to weather conditions). In this case, according to Defendant, the surveillance video footage of Plaintiff's fall shows that the wet condition of the pavement was open and obvious, and the Court can rely on the footage in granting summary judgment for Defendant. (Mot. at 7; DSOF, Ex. B.) *See Glassberg v. Staples the Office Superstore E., Inc.*, 2010 WL 3924682, at *5 (E.D.N.Y. Sept. 13, 2010) (affirming judgment as a matter of law and determining from surveillance footage that a shopping cart placed by the register was open and obvious and holding that the court was compelled to credit the facts presented by the video over other evidence because the video plainly showed the events).

1    Plaintiff argues that whether the condition of the cement was open and obvious is a
2    question for a jury.[4] (Resp. at 8-10.) *See Andrews for and on Behalf of Kime v. Casagrande*,
3    804 P.2d 800, 804 (Ariz. Ct. App. 1990). Plaintiff points out that people in the area around
4    her "appeared completely dry," and she slipped 10 to 15 feet inside the covered area. (Resp.
5    at 9.) She further contends that "water is clear," so the hazard of a wet floor was not readily
6    apparent. (Resp. at 9.) Further, Plaintiff notes that she was not running and did not appear
7    to be distracted at the time of her fall, which she claims bolsters her argument that a jury
8    could conclude that the condition was not open and obvious, and that Defendant could have
9    "done numerous things to control the situation." (Resp. at 9.)

10    The Court agrees with Defendants. The undisputed facts, even construed in the light
11    most favorable to Plaintiff, show that the condition of the pavement was open and obvious.
12    It is irrelevant whether any moisture on the concrete under the vestibule was visible to
13    Plaintiff because it is obvious that it was actively raining, and the natural consequences of
14    rain, such as wet shoes and wet concrete, were known to Plaintiff. *See Dukich v. Illinois*
15    *Workers' Comp. Comm'n*, 86 N.E.3d 1161, 1171 (Ill. App. 2017) ("dangers created by
16    rainfall are dangers to which all members of the public are exposed on a regular basis.").
17    Further, the video footage shows Plaintiff with an open umbrella, so she was clearly aware
18    that it was raining. (DSOF, Ex. B.) Because the facts show that the wet condition of the
19    pavement was an open and obvious natural consequence of rain, it was not unreasonably
20    dangerous condition from which Defendant had a duty to protect Plaintiff. Thus, summary
21    judgment is proper on this basis as well.

22

23

---

24    [4] Plaintiff also reasons that whether a condition is open and obvious is not a question of
25    duty, but one of the requisite standard of care. (Resp. at 8.) *See Markowitz v. Ariz. Parks*
      *Bd.*, 706 P.2d 352, 368 (Ariz. 1990). However, in situations where defective conditions are
26    open and obvious, Arizona courts have found that the likelihood of harm is slight, and thus
      such conditions are not unreasonably dangerous conditions from which a landowner or
27    possessor has a duty to protect an invitee. *Burke*, 467 P.2d at 783-84. More specifically,
      where a condition is open and obvious, Arizona courts have found that defendants have no
28    duty to warn about the condition. *See Robles v. Severyn*, 504 P.2d 1284, 1287 (Ariz. Ct.
      App. 1973) ("If a dangerous condition existed, it was an obvious one and therefore the
      defendants had no duty to warn.").

### 3.      The Court Does Not Apply the Ongoing Storm Rule

Finally, Defendant argues that the "storm in progress doctrine" or "ongoing storm rule" precludes Plaintiff's case because landowners are not responsible for protecting against injuries that occur during an active storm. (Mot. at 8-10.) Because it was actively raining at the time Plaintiff fell, under the rule, Defendant asserts that it could not have been expected to "keep the concrete outside of its entrance dry . . . while patrons continue[d] to enter with their wet umbrellas and wet shoes." (Mot. at 10.) *See Laine v. Speedway, LLC*, 177 A.3d 1227, 1228 (Del. 2018) ("In active storm situations, customers are expected to be aware themselves of the risks of falling and to take care to protect themselves. They know it could be slippery and must dress and otherwise take the steps necessary to protect themselves against a potential fall."). Defendant acknowledges that Arizona has not expressly adopted the doctrine but maintains that Arizona law is consistent with such a rule. (Reply at 6-7.) Defendant observes that the rationale for the ongoing storm rule is that "it is inexpedient and impractical to remedy slippery outdoor conditions while a storm continues to create those conditions." (Reply at 7.) *See Pareja v. Princeton Int'l Props.*, 252 A.3d 184, 191 (N.J. 2021). The rule is also based on the premise that "a land possessor is not a de facto insurer responsible for all accidents occurring on its property." *See Gries v. Ames Ecumenical Hous., Inc.*, 944 N.W.2d 626, 630 (Iowa 2020). Defendant argues that Arizona laws already incorporate these concepts. *See, e.g.*, *Berne v. Greyhound Parks of Ariz., Inc.*, 448 P.2d 388, 391 (Ariz. 1968) (holding that a landowner is required only to "exercise reasonable care for an invitee's protection," and "is not an insurer of the safety of invitees").

In her Response, Plaintiff asserts that the storm in progress doctrine should not be applied because is a New York law, which applies only to snow and ice, and applies only in circumstances where the defendant had no actual or constructive notice of the condition. (Resp. at 10.) While it is clear that the doctrine extends far beyond New York (*see* Mot. at 8-9), Plaintiff is correct to observe that most courts that have applied the rule have done so where icy or snowy conditions are present. *See, e.g.*, *Meyers v. Big Six Towers, Inc.*,

- 8 -

85 A.D. 877 (N.Y. App. Div. 2011). Thus, although the Court agrees with Defendant that the premise behind the "storm in progress" doctrine is consistent with existing Arizona law, it remains unconvinced that the doctrine may serve as a basis for summary judgment on these facts. Further, even if the storm in progress doctrine does militate in favor of granting summary judgment here, the Court declines to find that a rule that has not been expressly adopted by Arizona courts may serve as a basis for granting summary judgment, nor does it need to, for the reasons discussed above.

## IV.    CONCLUSION

The Court finds that because the wet condition of the pavement outside Defendant's store was open and obvious and not unreasonably dangerous, Defendant did not have a duty to protect Plaintiff from the condition. Absent a duty on the part of Defendant, Plaintiff cannot maintain any of her claims. Accordingly, the Court grants Defendant's Motion for Summary Judgment and dismisses Plaintiff's claims.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment in its entirety (Doc. 27). Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 31st day of August, 2022.

_____
Honorable John J. Tuchi
United States District Judge

- 9 -